J-S27035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT T. NAUSS, | |
| Appellant | No. 2947 EDA 2016 |

Appeal from the PCRA Order September 19, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0003770-1977

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 12, 2017**

Appellant, Robert T. Nauss, appeals, *pro se*, from the order of September 19, 2016, dismissing, without a hearing, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record and this Court's November 10, 1998 memorandum denying Appellant's first PCRA petition.

On December 9, 1977, a jury found Appellant, who was nineteen years old at the time of the incident, guilty of murder in the first degree.  Following

_____

[*] Retired Senior Judge assigned to the Superior Court.

the denial of post-trial motions, the trial court sentenced him to a term of life imprisonment. On December 17, 1981, the Pennsylvania Supreme Court affirmed the judgment of sentence. (*See Commonwealth v. Nauss*, 442 A.2d 661 (Pa. 1981)).

Appellant escaped from prison in 1982. He remained a fugitive until his capture in late 1990. On January 15, 1997, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition. Following a hearing on the merits, the PCRA court denied the petition on December 31, 1997. On November 10, 1998, this Court affirmed the dismissal of the PCRA petition. (*See Commonwealth v. Nauss*, 734 A.2d 438 (Pa. Super. 1998)). On June 3, 1999, the Pennsylvania Supreme Court denied leave to appeal. (*See Commonwealth v. Nauss*, 739 A.2d 542 (Pa. 1999)).

On March 28, 2016, Appellant filed the instant *pro se* PCRA petition.[1] On May 20, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1). Appellant did not file a response. On September 19, 2016, the PCRA court dismissed the petition as untimely.

---

[1] The record reflects that the PCRA court initially mistakenly filed this case under one of Appellant's other cases. However, Appellant notified the court of the error in his notice of appeal. The PCRA court redocketed all of the proceedings under the correct case number, but did not preserve the original filing dates.

Appellant subsequently filed a timely *pro se* notice of appeal.[2]  The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, but did issue an opinion on October 14, 2016.  ***See*** Pa.R.A.P. 1925.

Appellant raises two questions on appeal:

I.    Did the [PCRA] court err[] in failing to acknowledge as newly discovered scientific evidence brought forth "timely" from [and] in the scientific language relied upon by the United States Supreme Court in deciding their January 25[], 2016 case of **Montgomery** [**v. Louisiana**, 136 S.Ct. 718 (2016)]?

II.   Did the [PCRA] court err[] by failing to mention, address or even rule upon Appellant's secondary sentencing issue in its opinion, totally unrelated to issue [one] above, where it appears that [] Appellant was [in 1979] sentenced illegally under a repealed non-existent statute that was twice, in years prior to sentencing, ruled by the [Pennsylvania] Supreme Court as being unconstitutional?

(Appellant's Brief, at iii) (unnecessary capitalization and emphasis omitted).

Appellant appeals from the denial of his PCRA petition.  To be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2).  He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived.

_____

[2] Again, because of the docketing error, Appellant filed his notice of appeal after the court dismissed the PCRA petition under the incorrect docket number, but slightly before the court issued a second order dismissing it under the correct docket number.

- 3 -

*See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

In the instant matter, Appellant filed his PCRA petition on March 28, 2016. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the Pennsylvania Supreme Court affirmed the judgment of sentence on December 17, 1981. Therefore, Appellant's judgment of

sentence became final on February 15, 1982, after the sixty-day period to file a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 20 (former).

Because Appellant did not file his petition until March 28, 2016, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that

one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant seeks to invoke the newly-discovered facts exception, (*see* Appellant's Brief, at 1-5), codified at 42 Pa.C.S.A. § 9545(b)(1)(ii), and discussed in the Pennsylvania Supreme Court's decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), which held that this exception refers not to after-discovered evidence, but to facts that were previously unknown to the petitioner. *See Bennett*, *supra* at 1270. The Court in *Bennett* also held, in accord with the statutory language, that an appellant must prove that the facts upon which the claim is predicated could not have been ascertained earlier through the exercise of due diligence. *See id.* at 1272; *see also Commonwealth v. Taylor*, 933 A.2d 1035, 1040-41 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

Specifically, Appellant asserts that scientific studies discussed in the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), are newly discovered evidence that he "suffered from a lessened state of culpability at nineteen [] years of age due to his mental infirmities and was no different than a [seventeen] year old offender." (Appellant's Brief, at 4).

However, in a recent decision, *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016), a panel of this Court rejected this theory, albeit in the

- 6 -

context of a claim raised under 42 Pa.C.S.A. § 9545(b)(1)(iii) rather than (ii). We stated:

> Appellant argues that he[, despite being nineteen years old at the time of the murder,] nevertheless may invoke **Miller** because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the **Miller** decision, this argument by Appellant seeks an extension of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding.
>
> We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013)[, *appeal denied*, 81 A.3d 75 (Pa. 2013)]. The defendants in **Cintora** were [nineteen] and [twenty-one] years old at the times of their crimes, but they argued that **Miller** should apply to them and others "whose brains were not fully developed at the time of their crimes." **Id.** at 764. We stated that "[a] contention that a newly-recognized constitutional right should be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." **Id.** [].

**Furgess**, **supra** at 94 (record citation and emphasis omitted).

While, as noted, **Furgess** concerned a claim brought under 42 Pa.C.S.A. § 9545(b)(1)(iii), we see no reason that its holding is not equally applicable to a claim brought under Section 9545(b)(1)(ii). **See id.** Appellant likewise attempts to extend the holdings in **Montgomery** and **Miller** to individuals over age eighteen based upon scientific studies regarding brain maturation and we have held such a claim cannot succeed. Appellant's argument must fail.

Appellant also challenges the legality of his sentence. (**See** Appellant's Brief, at 6-8). However, this does not allow him to evade the PCRA's timeliness requirements. In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The **Fahy** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. **See id.**

Therefore, because the record demonstrates that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven, we affirm the order of the court dismissing Appellant's serial PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2017